United States District Court
District of Minnesota
Civil No. 19-1628(DSD/BRT)

Jhonathan Jontae Robinson,

             Plaintiff,

v.                                              ORDER

VSI Construction, Inc.,
Marshall Tutt, and Jay Tutt,

             Defendants.

        Jhonathan Jontae Robinson, P.O. Box 431402, Brooklyn Park, MN
        55443, plaintiff pro se.

        Mark V. Steffenson, Esq. and Hennington & Snoxell, LTD, 6900
        Wedgwood Road, Suite 200, Maple Grove, MN 55311, counsel for
        defendants.


        This matter is before the court upon the motion to dismiss by

defendants VSI Construction, Inc., Marshall Tutt, and Jay Tutt.

Based on a review of the file, record, and proceedings herein, and

for the following reasons, the motion is granted.


                              **BACKGROUND**

        This civil rights dispute arises from pro se plaintiff

Jhonathan Jontae Robinson's claim that defendants discriminated

and retaliated against him on the basis of his race and perceived

disability.

On April 20, 2018, Robinson, an African American, applied for a job with VSI Construction, Inc. Am. Compl., ECF No. 15, ¶ 4.[1] Two days later, Robinson interviewed with Marshall Tutt, VSI's construction facilities crew manager. Id. ¶¶ 5, 10. Robinson alleges that during the interview he disclosed that he suffered from post-traumatic stress disorder and another unspecified mental impairment. Id. He also disclosed that he intended to undergo therapy for his perceived disabilities. Id. He did not request any accommodation. See id. Tutt did not comment on Robinson's disclosure. Id. ¶ 6.

Robinson was ultimately hired by a staffing agency to perform work for VSI. Id. ¶ 7. Although he was initially told that all new VSI hires must go through a staffing agency for payroll purposes, another newly hired employee informed Robinson that he had been hired directly by VSI. Id. ¶¶ 7, 9, 11. The other new employee was not African American. Id. ¶ 10.

Robinson asked Tutt about the perceived differential treatment, which Robinson believed was based on his race. Id.

_____

[1] Robinson filed an amended complaint after defendants filed their motion to dismiss. Defendants reference the amended complaint in their briefing and do not appear to object to its filing. The court therefore will consider the amended complaint as the operative pleading.

¶ 12.  It is unclear whether Robinson shared his belief with Tutt.

See id.  Tutt responded that the other employee was hired directly

because he was related to a family friend.  Id. ¶ 13.  Tutt

reportedly also said that VSI "does not hire people they don't

know."  Id.  The conversation left Robinson feeling "confused,

unsure, discouraged, disheartened, and unequal."  Id. ¶ 14.

Robinson also alleges that he was confused by his work

schedule, timecards, and pay rate.  Id. ¶ 15.  He specifically

alleges that, as to pay, VSI promised him higher wages than he

received.  Id.

Robinson spoke to VSI's president, Jay Tutt, by phone on May

14, 2018, to complain about his treatment.  Id. ¶¶ 16-17.  Jay

Tutt reiterated that VSI does not directly hire people it does not

know. Id. ¶ 18.  Although it does not appear that Robinson directly

complained to Jay Tutt that he was being treated differently due

to his race, Tutt asked him whether he believed that was the case

and Robinson said "no."  Compl., ECF No. 1, ¶ 34.[2]  Robinson now

believes that race motivated VSI's actions, but he does not allege

---

[2]  As noted, the amended complaint is the operative pleading.
The original complaint, however, is the only document that
addresses whether the subject of race was ever discussed among the
parties.  The court finds that aspect of the original complaint
probative and will consider it for purposes of determining the
viability of Robinson's claims.

that he shared that view with anyone at VSI. See Am. Compl. ¶ 19. Robinson requested that Jay Tutt meet with him immediately in person to discuss the matter further. Id. ¶ 20. Tutt declined the request and a short time later terminated Robinson's placement with VSI. Id. ¶ 21.

On September 17, 2018, Robinson filed a charge of discrimination against VSI with the Minnesota Department of Human Rights (MDHR) and the Equal Employment Opportunity Commission (EEOC). Compl. Ex. 1. On March 29, 2019, the EEOC dismissed the charge and issued a right to sue letter and, on April 4, 2019, the MDHR dismissed the charge. Id. Ex. 2; Steffenson Decl. Ex. 2.

Robinson commenced this action on June 20, 2019, against VSI, Marshall Tutt, and Jay Tutt. On October 15, 2019, Robinson filed an amended complaint asserting claims for race discrimination under the Minnesota Human Rights Act (MHRA) and Title VII, disability discrimination under the Americans with Disabilities Act (ADA) and the MHRA, and retaliation under Title VII and the MHRA. He seeks $11,000,000 in damages. Defendants now move to dismiss.

**DISCUSSION**

## I.   Standard of Review

To survive a motion to dismiss for failure to state a claim, "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff [has pleaded] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)). Although a complaint need not contain detailed factual allegations, it must raise a right to relief above the speculative level. Twombly, 550 U.S. at 555. "[L]abels and conclusions or a formulaic recitation of the elements of a cause of action" are not sufficient to state a claim. Iqbal, 556 U.S. at 678 (citation and internal quotation marks omitted). The court liberally construes pro se complaints and will dismiss an action only if it appears beyond doubt that the plaintiff "can allege no set of facts which would support an exercise of jurisdiction." Sanders v. United States, 760 F.2d 869, 871 (8th Cir. 1985).

The court does not consider matters outside the pleadings under Rule 12(b)(6). Fed. R. Civ. P. 12(d). The court may, however, consider matters of public record and materials that are "necessarily embraced by the pleadings." Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999) (citation and internal quotation marks omitted).

## II. Claims Against the Individuals

In order to bring a claim of discrimination under Title VII and the ADA, a plaintiff must first exhaust his administrative remedies. See 42 U.S.C. § 12117(a); Randolph v. Rodgers, 253 F.3d 342, 347 n.8 (8th Cir. 2001) ("Title VII of the Civil Rights Act of 1964 and Title I of the ADA both require exhaustion of administrative remedies."). And, although the MHRA does not require such exhaustion, it does require a plaintiff to file an administrative charge or bring a law suit within one year of the alleged discrimination. Minn. Stat. § 363A.28, subdiv. 3.

Marshall and Jay Tutt argue that Robinson failed to exhaust administrative remedies as to them because he did not name them in the EEOC or MDHR charges of discrimination. The Tutts are correct that as a general rule, only the respondents named in the administrative charge may be sued in a subsequent civil action. See 42 U.S.C. § 2000e-5(f)(1) (describing when "a civil action may

6

be brought against the respondent named in the charge"); see also Greenwood v. Ross, 778 F.2d 448, 450–51 (8th Cir. 1985) (noting the general rule that parties not named in the EEOC charge are not subject to suit in the subsequent civil action). "Courts have, however, permitted cases to proceed against defendants who were not named respondents in the administrative proceedings when there is a 'sufficient identity of interest' between the named and unnamed defendants." Chappell v. Butterfield-Odin Sch. Dist. #836, No. 08-851, 2008 WL 4755837, at *5 (D. Minn. Oct. 27, 2008) (quoting Greenwood, 778 F.2d at 451). The "identity of interest" test, "is a factual inquiry that depends on factors such as the relationship between the parties and the extent to which the unnamed party had notice of the administrative proceedings against the named party." Id.

The parties have not addressed whether there is an "identity of interest" among VSI and the Tutts, for present purposes, but the court will assume that the Tutts bear a sufficiently close relationship to meet that standard. At the very least, Jay Tutt, as VSI's president, was very likely aware of the administrative proceedings. As a result, the court will not dismiss the individual defendants on this basis.

**III. Timeliness of MHRA Claims**

Defendants also argue that the claims raised under the MHRA must be dismissed as untimely.  Minnesota law requires a person to file a civil action within 45 days of receipt of notice that the commissioner of the MDHR has dismissed a charge of discrimination. Minn. Stat. § 363A.33, subdiv. 1(1).  Although Robinson denies receiving the MDHR letter, Minnesota law presumes receipt of notice "to be five days from the date of service by mail of the written notice." Minn. Stat. § 363A.33, subdiv. 1(3).  Applying that rule, Robinson's claims under the MHRA are untimely and must be dismissed.

**IV.  Race Discrimination**

A plaintiff pleads a plausible claim of race discrimination when he alleges facts that suggest he suffered an adverse employment action motivated by discriminatory intent. Fiero v. CSG Sys., Inc., 759 F.3d 874, 878 (8th Cir. 2014); Putman v. Unity Health Sys., 348 F.3d 732, 735 (8th Cir. 2003).  "An adverse employment action is a tangible change in working conditions that produces a material employment disadvantage." Sellers v. Deere & Co., 791 F.3d 938, 942 (8th Cir. 2015) (citations and internal quotation marks omitted).

Robinson suffered an adverse employment action due to his termination.[3]  The amended complaint, however, is devoid of any facts tying that termination to discriminatory animus.  Robinson does not allege that Jay Tutt terminated his placement with VSI because of his race or that Tutt negatively referenced Robinson's race during their interactions.  In fact, Tutt asked Robinson whether he was concerned about unequal treatment due to his race and Robinson replied "no."[4]

To the extent Robinson claims that he was not hired directly by VSI due to his race, the claim also fails because the allegations do not support such a finding.  Robinson must present more than a speculative theory that racial bias motivated VSI's actions to survive a motion to dismiss.  He has failed to do so. At most, Robinson alleges that VSI directly hired a non-African American due to a family connection.  Even if true, that allegation is insufficient to raise a plausible claim of racial animus because

---

[3] Although the staffing agency employed Robinson, it did so at VSI's request and VSI had the authority to terminate its relationship with Robinson.  The court therefore will assume that VSI effectively employed Robinson for purposes of this analysis.

[4]  At the hearing, Robinson said that he did not tell Tutt that he believed race motivated VSI's hiring decisions because he feared he would be fired.  Robinson's subjective, undisclosed belief that he was being discriminated against is not enough to establish a plausible claim of race discrimination.

it does not implicate Robinson's race.  As a result, the race discrimination claim fails as a matter of law.

**V.   Disability Discrimination**

The ADA prohibits employers from discriminating against individuals on the basis of disability.  42 U.S.C. § 12112(a).  To establish a prima facie case of disability discrimination, a plaintiff must show that (1) he was disabled; (2) he was qualified to perform the essential functions of the job, with or without reasonable accommodation; and (3) he suffered an adverse employment action due to his disability.  See Burchett v. Target Corp., 340 F.3d 510, 516 (8th Cir. 2003).

The amended complaint does not state a plausible claim of disability discrimination.  Even though Robinson informed Marshall Tutt that he believed he had a mental disability for which he intended to seek counseling, he did not request any accommodation or assert that he could not perform the functions of the job for which he applied.  Tutt was not obligated to inquire further and, indeed, arranged for Robinson to work for VSI notwithstanding Robinson's disclosure.  Robinson does not allege that he could not perform the work due to his perceived disability or that he was ever denied a requested accommodation. Nor does he allege any actual connection between his perceived disability and any adverse

employment action.  As a result, Robinson has failed to plausibly allege a claim of disability discrimination.

## VI.  Retaliation

"To establish a prima facie case of retaliation, the plaintiff must show that he engaged in a protected activity, that the defendant took adverse action against him, and that there is a connection between the two." Scott v. Cty. of Ramsey, 180 F.3d 913, 917 (8th Cir. 1999).  Here, Robinson has not alleged that he engaged in protected activity.  He never complained -  formally or informally - that he was discriminated against due to his race or disability.  At most, he asked Marshall Tutt why he was hired through a staffing agency while another new employee was hired directly.  Even though Robinson may have believed that race was a factor in that hiring decision, he does not allege that he shared that belief in his conversations with Marshall or Jay Tutt.  Indeed, when Jay Tutt asked Robinson whether he believed race had motivated certain hiring decisions, Robinson denied that was the case.

Even assuming Robinson engaged in protected activity, the requisite causal connection is missing.  There is simply no plausibly alleged link between Robinson's termination and any protected conduct.  As a result, the court must dismiss the

retaliation claim.[5]


**CONCLUSION**

Accordingly, based on above, **IT IS HEREBY ORDERED** that:

1.   The motion to dismiss [ECF No. 13] is granted; and

2.   The case is dismissed with prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: December 10, 2019

s/David S. Doty
David S. Doty, Judge
United States District Court

---

[5]   The court analyzes discrimination and retaliation claims under Title VII, the ADA, and the MHRA identically.  Torgenson v. City of Rochester, 643 F.3d 1031, 1043 (8th Cir. 2011); Dovenmuehler v. St. Cloud Hosp., 509 F.3d 435, 439 n.4 (8th Cir. 2007).  Thus, even if the MHRA claims were timely, they would fail as a matter of law.